UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAVELL MCDONALD,<br><br>Defendant. | No. 2:17-cr-00010-TLN<br><br>**ORDER** |

   This matter is before the Court on Defendant Lavell McDonald's ("Defendant") Amended Motion for Compassionate Release. (ECF No. 56.) The Government filed an opposition. (ECF No. 57.) Defendant filed a reply. (ECF No. 59.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 22, 2018, Defendant pleaded guilty to the charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 30.)  On July 19, 2018, the Court sentenced Defendant to a 60-month term of imprisonment to be followed by 36 months of supervised release.  (ECF No. 44.)  Defendant is currently serving his sentence at Federal Correctional Institution ("FCI") Sheridan.  He has served approximately 33 months of his 60-month sentence and his projected release date with good conduct time is March 14, 2022.

On September 21, 2020, Defendant filed the instant amended motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 56.)  Defendant requests the Court reduce his sentence to time served due to the COVID-19 pandemic.  Defendant is 40 years old and claims he is particularly vulnerable to COVID-19 due to his various medical conditions and the current conditions of his confinement.  Defendant alternatively requests release so he can serve as a caretaker for his wife, who had a stroke in January 2020.  In opposition, the Government argues the Court should deny Defendant's motion because there are not extraordinary and compelling reasons for his release, he is a continuing danger to the community, and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence.

### II. ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

///

///

///

2

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement for his compassionate release request as it relates to his medical conditions.[1] Defendant made a request to the warden on July 24, 2020.  Because more than 30 days have elapsed since July 24, 2020, Defendant has met the exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement.  U.S.S.G. § 1B1.13, cmt. n. 1(A).  More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  *Id.*

Defendant claims he is particularly vulnerable to COVID-19 because he suffers from multiple medical conditions, including obesity, hypertension, and a history of smoking.  (ECF No. 56 at 2.)  The Centers for Disease Control and Prevention ("CDC") has identified obesity — defined as a body mass index ("BMI") over 30 — as a high-risk factor for COVID-19.  *See generally* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 13, 2020).  Defendant's

---

[1] The Government argues Defendant has not exhausted his remedies relating to his need to serve as a caretaker for his wife.  (ECF No. 57 at 11.)  As will be discussed, the Court declines to release Defendant even assuming he has shown extraordinary and compelling reasons for release.  Therefore, the Court need not and does not address the Government's alternative exhaustion argument.

3

medical records confirm that he is obese, with a BMI of 38.6.  The CDC has also identified hypertension as a condition that "may" increase COVID-19 risks.  *Id.*  Although Defendant's medical records indicate he has a history of hypertension, the current existence and severity of Defendant's hypertension is unclear.  Finally, the CDC has stated that being a current or former cigarette smoker increases an individual's risk of severe illness from COVID-19.  *Id.*  Defendant's medical records confirm his history of smoking.  Despite Defendant's medical conditions, however, it bears mentioning that the BOP currently reports zero active cases of COVID-19 and five recovered cases at FCI Sheridan.  As such, Defendant's arguments about COVID-19 are somewhat speculative at this point.  *See, e.g.*, *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

Assuming without deciding that Defendant satisfies the "extraordinary and compelling" requirement based on his medical conditions, the Court nonetheless denies Defendant's request for compassionate release based on the danger Defendant poses to the community and the § 3553(a) factors.

To be eligible for compassionate release, Defendant must demonstrate he is "not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).  The Court is concerned with Defendant's long and continuous criminal history, which includes multiple incidents involving loaded firearms.  Indeed, Defendant's crime of conviction in this case was felon in possession of a firearm.  Defendant has also participated in violent acts, drug offenses, and gang activity dating back to 1998.  Further, Defendant has a history of violating release conditions and failing to cooperate with law enforcement.  Although Defendant argues his criminal history stems from mental health and substance abuse problems, those serious, untreated problems only worsen the Court's concerns.  The presentencing report ("PSR") and BOP records indicate Defendant has not consistently taken medication for his mental health condition, and it does not appear that Defendant has completed any substance abuse treatment programs.  While the Court commends Defendant's good conduct and efforts to rehabilitate himself while in prison,

those efforts do not persuade the Court that Defendant no longer poses a danger to the community.  Based on Defendant's considerable criminal history, repeated illegal possession of firearms, and pattern of disregard for the law, Defendant fails to demonstrate he is not a continuing danger to the community.

In addition, the Court must consider the § 3553(a) factors before granting compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  At sentencing, the PSR calculated Defendant's sentencing guidelines range to be 77–96 months of imprisonment and recommended a mid-range, 86-month sentence.  The Court ultimately sentenced Defendant to 60 months in prison, which was within the 51–63 months guidelines range set forth in a plea agreement between the parties.  Defendant now seeks to reduce his sentence to time served despite having served only approximately 33 months of his sentence.  In other words, Defendant is seeking a reduction from a well-supported, 60-month sentence to a significantly lower 33-month sentence.  Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction.  Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears FCI Sheridan has thus far been capable of adequately addressing Defendant's medical needs, especially considering the lack of active COVID-19 cases and small number of past cases at the facility.  Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 60-month sentence.

### III.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 56.)

IT IS SO ORDERED.

DATED:  October 21, 2020

Troy L. Nunley
United States District Judge